# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE<br>7325 S. Potomac Street, Englewood, CO 80112<br>Phone: 303-649-6355 | DATE FILED: August 24, 2022 8:37 AM<br>FILING ID: 1CD06762255ED<br>CASE NUMBER: 2022CV31610 |
| Plaintiff:<br>**CONSTANTINE HELLEN**<br><br>v.<br><br>Defendant:<br>**AMERICAN FAMILY INSURANCE COMPANY** | ▲ COURT USE ONLY ▲ |
| **ATTORNEYS FOR PLAINTIFF:**<br>Name:        Stephen J. Burg, Reg. No. 39789<br>                 Jessica L. Breuer, Reg. No. 46288<br>Address:     Burg Simpson Eldredge Hersh & Jardine, P.C.<br>                 40 Inverness Drive East<br>                 Englewood, Colorado, 80112<br>Phone No.:  (303) 792-5595<br>Fax No.:     (303) 708-0257<br>E-Mail:       sburg@burgsimpson.com<br>                 jbreuer@burgsimpson.com | Case No:<br><br>Div: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW, Plaintiff Constantine Hellen, by and through his attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for his Complaint and Jury Demand, states, alleges, and avers as follows:

## PARTIES

1.    Plaintiff Constantine Hellen (hereinafter Plaintiff Hellen) is a citizen and resident of Arapahoe County, Colorado, residing at 13874 E. Belleview Drive, Aurora, Colorado 80015.

2.    Defendant American Family Insurance Company (hereinafter "American Family") is a foreign corporation licensed to do business in the State of Colorado with its principal place of business at 6000 American Parkway, Madison, Wisconsin 53783. Defendant American Family maintains a registered agent in Colorado at 1900 W. Littleton Blvd., Littleton, Colorado 80120.

## JURISDICTION AND VENUE

3.    The Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

4.    The Court has personal jurisdiction over the Defendant American Family by virtue of the Defendant's operations and presence in Colorado, by its transacting business in or directed at Colorado, by its commission of a tortious act that caused injury and damages in Colorado, and/or by otherwise purposefully availing itself of the benefits and privileges of Colorado law by regular, continuous and systematic contacts with Colorado, and by its commission of tortious acts that caused injury and damages in Colorado to a Colorado resident, pursuant to C.R.S. §13-1-124(1).

5.    Venue is proper in this Court, pursuant to C.R.C.P. 98(c)(1) because Defendant American Family is a nonresident of the State, Defendant conducts business in Arapahoe County, and Arapahoe is the County designated in this Complaint.

## GENERAL ALLEGATIONS

6.    On or about April 19, 2018, at approximately 5:34 p.m., Plaintiff Hellen was the restrained driver of a 2017 Subaru WRX traveling north on Parker Road in Aurora, Colorado.

7.    At or about that same time and place, Ms. Chelsie Gonzales was driving a 2009 Toyota Matrix traveling south in the left turn lane on Parker Road.

8.    As Plaintiff Hellen proceeded through the intersection at S. Parker Road and E. Temple Drive, Ms. Gonzales made a left turn in front of Plaintiff Hellen.

9.    Plaintiff Hellen struck the passenger side of the vehicle driven by Ms. Gonzales.

10.    As a direct and proximate result of the collision, Plaintiff Hellen suffered serious bodily injury and trauma.

11.    The force of this collision was so severe that the airbags in Plaintiff Hellen's vehicle deployed, striking Plaintiff Hellen in the head and fracturing his teeth.

12.    Because of the head trauma Plaintiff Hellen suffered in the collision, Plaintiff Hellen now suffers from seizures.

13.    As a direct and proximate result of the collision, Plaintiff Hellen also suffered neck pain, shoulder pain, jaw pain, right knee pain, syncope, headaches, and anxiety, among other things.

14.    As a direct and proximate result of the collision, Plaintiff Hellen has suffered economic losses and damages including, but not limited to, past and future lost wages, past and future medical expenses, and past and future out-of-pocket expenses.

15.    As a direct and proximate result of the collision, Plaintiff Hellen has suffered non-economic damages including, but not limited to, past and future pain, suffering, inconvenience, emotional distress, and impairment of the quality of life.

16.    As a direct and proximate result of the collision, Plaintiff Hellen has sustained damages for physical impairment and disfigurement.

17.    At the time of the incident, Ms. Gonzales was insured by Progressive Insurance. Through her Progressive Insurance policy, Ms. Gonzales had $50,000.00 in bodily injury coverage.

18.    At the time of the incident, Plaintiff Hellen was insured by Defendant American Family.

19.    Prior to the April 19, 2018 collision, Theodore Hellen, Plaintiff Hellen's father, entered into a contract with Defendant American Family.

20.    This contract, which was issued Policy Number 410166645263 (hereinafter "the Policy"), was in full force and effect at the time of the April 19, 2018 collision.

21.    Pursuant to this Policy, Plaintiff Hellen qualifies as an "insured person."

22.    At the time of the April 19, 2018 collision, Plaintiff Hellen was a relative of Theodore Hellen.

23.    At the time of the April 19, 2018 collision Plaintiff Hellen resided in Theodore Hellen's household and was related to Theodore Hellen by blood.

24.    Pursuant to this Policy, Defendant American Family provided underinsured motorist coverage (hereinafter "UIM" coverage) in the amount of $500,000.00 to Plaintiff Hellen.

25.    Pursuant to this Policy, Defendant American Family provided Medical Payments coverage in the amount of $5,000.00 to Plaintiff Hellen.

26.    Theodore Hellen purchased UIM coverage and Medical Payments coverage with Defendant American Family in order to have security and protection in the event he, or his family, including Plaintiff Hellen, was injured by an underinsured motorist.

27.    Plaintiff Hellen timely notified Defendant American Family of the incident and his claims.

28.    On December 11, 2018, Plaintiff notified American Family of his representation and requested certified copies of any and all policies and coverage.

3

29.    On December 26, 2018, American Family sent a letter acknowledging receipt of Plaintiff Hellen's letter of representation and notified Plaintiff Hellen of the Medical Payments coverage.

30.    On January 10, 2019, American Family provided Plaintiff Hellen with a certified copy of his policy with American Family.

31.    On February 6, 2019, American Family sent a letter notifying Plaintiff Hellen of a new claims representative assigned to the claim.

32.    On or about March 4, 2021, the liability insurance carrier for Mr. Chelsie Gonzales offered her liability insurance policy limit.

33.    On March 4, 2021, Plaintiff Hellen sent a letter to Defendant American Family notifying it of the policy limit settlement offer from the underlying bodily injury insurer and requested its consent to settle.

34.    On or about March 5, 2021, Defendant American Family consented to the settlement for Ms. Gonzales' liability insurance limits.

35.    On March 5, 2021, Defendant American Family sent a letter requesting Plaintiff Hellen sign a medical information authorization, a claimants facts sheet, a Medicare proof of representation form, an employment information authorization, a Medicare consent to release information form, and a Medicare information determination form.

36.    On March 16, 2021, Plaintiff Hellen sent American Family a letter via certified U.S. mail asking American Family to evaluate his claims for UIM benefits on or before May 12, 2021.

37.    In this March 16, 2021 letter, Plaintiff Hellen also requested that Defendant American Family conduct communications in writing so there is an accurate record of communications between the parties.

38.    In this March 16, 2021 letter, Plaintiff Hellen enclosed Plaintiff's bodily injury demand, supporting medical and billing records, an executed BI release, the BI declarations page, and the following executed authorizations, as requested in Defendant American Family's March 5, 2021 correspondence: medical information authorization, claimants fact sheet, Medicare proof of representation, employment information authorization, and Medicare information determination form.

39.    On April 16, 2021, Plaintiff Hellen received a certified mail return card confirming Defendant American Family's receipt of the items sent on March 16, 2021.

4

40.   On April 20, 2021, Defendant American Family sent a letter stating that it has not received the above referenced documents enclosed in Plaintiff's March 16, 2021 letter and that it is unable to complete an evaluation.

41.   On April 20, 2021, Plaintiff Hellen sent American Family a letter via certified U.S. mail asking Defendant American Family to evaluate his claims for UIM benefits on or before May 12, 2021.

42.   In this April 20, 2021 letter, Plaintiff Hellen again requested that Defendant American Family conduct communications in writing so there is an accurate record of communications between the parties.

43.   In this April 20, 2021 letter, Plaintiff Hellen again enclosed Plaintiff's bodily injury demand, supporting medical and billing records, an executed BI release, the BI declarations page, and the following executed authorizations, as requested in American Family's March 5, 2021 correspondence: medical information authorization, claimants fact sheet, Medicare proof of representation, employment information authorization, and Medicare information determination form.

44.   On April 23, 2021, Plaintiff Hellen received a certified mail return card confirming Defendant American Family's receipt of the items sent on April 20, 2021.

45.   On April 23, 2021, Defendant American Family sent a letter acknowledging receipt of Plaintiff's settlement demand and indicating that it will contact Plaintiff Hellen once it has completed its review.

46.   On May 11, 2021, Defendant American Family called and left a voice message for Plaintiff Hellen requesting an extension on its evaluation of Plaintiff's settlement demand and also requesting prior medical records.

47.   On May 12, 2021, Defendant American Family called and left a voice message requesting a call back to discuss Plaintiff's demand.

48.   On May 13, 2021, Defendant American Family sent a letter to Plaintiff extending an offer of $24,000.00 as full and final settlement.

49.   On June 18, 2021, American Family called and left a message regarding the $24,000.00 settlement offer.

50.   On July 20, 2021, Plaintiff Hellen sent a letter via fax to Defendant American Family. In response to Defendant American Family's calls, Plaintiff Hellen reminded Defendant Family that he only wanted to communicate in writing.

51.     On July 20, 2021, Plaintiff Hellen requested a re-evaluation of his claims for underinsured motorist benefits.

52.     On July 20, 2021, Plaintiff Hellen also provided Defendant American Family with prior medical records, per its previous request.

53.     On July 21, 2021, Defendant American Family sent a letter to Plaintiff Hellen acknowledging receipt of Plaintiff's supplemental documentation and stating that it will provide a response within 30 days.

54.     On August 18, 2021, Defendant American Family sent a letter to Plaintiff Hellen with an updated settlement offer of $25,732.00.

55.     On September 30, 2021, Defendant American Family called and left a voice message regarding scheduling an Independent Medical Examination.

56.     On October 7, 2021, Plaintiff Hellen sent a letter to Defendant American Family regarding its most recent settlement offer and request for additional documentation.

57.     In the October 7, 2021 letter, Plaintiff Hellen reiterated that he provided Defendant American Family with signed authorization and lists of treating providers and employers, and that Defendant American Family has had the ability to obtain any and all medical, billing, and/or employment records necessary to complete its evaluation.

58.     Plaintiff Hellen again provided medical records and requested a re-evaluation of Plaintiff Hellen's claims on or before October 20, 2021.

59.     On October 21, 2021, Defendant American Family sent a letter to Plaintiff Hellen with a breakdown of its $25,732.26 offer for settlement.

60.     On November 3, 2021, Plaintiff Hellen presented for an Independent Medical Examination (hereinafter "IME") with Eric Hammerberg, M.D. per Defendant American Family's request.

61.     On December 6, 2021, Defendant American Family sent a letter to Plaintiff Hellen with the Dr. Hammerberg's IME report.

62.     On December 6, 2021, Defendant American Family left a voicemail with Plaintiff Hellen's counsel's office that Defendant American Family would not be offering any additional UIM funds.

63.     Defendant American Family position is that Plaintiff Hellen's seizures were not caused by the April 19, 2018 crash.

64.     On February 26, 2022, Plaintiff Hellen requested that Defendant American Family address its current evaluation and position.

65.     Defendant American Family had not changed its evaluation or position.

66.     Plaintiff Hellen's injury and treatment status is ongoing and additional damages will continue to arise.

## FIRST CLAIM FOR RELIEF
(UIM Claim / Breach of Contract)

67.     Plaintiff Hellen incorporates the allegations set forth above as though fully set forth herein.

68.     Plaintiff Hellen is entitled to recover the UIM benefits provided by Defendant American Family's policy of insurance.

69.     Defendant American Family entered into a contract for insurance as identified herein, whereby Defendant American Family provided UIM coverage to Plaintiff Hellen and promised to pay UIM benefits to Plaintiff Hellen in exchange for payment of premiums.

70.     At the time of the crash, Defendant American Family insured Plaintiff Hellen for a total of $500,000.00 in UIM benefits.

71.     Defendant American Family has breached its contract of insurance by failing to pay UIM benefits to Plaintiff Hellen as provided by the contract.

72.     As a direct and proximate result of the damages sustained by Plaintiff Hellen in the April 19, 2018 crash, and as required by C.R.S. § 10-4-609 and Defendant American Family's insurance contract, and as a direct result of Defendant American Family's breach of contract, Plaintiff Hellen has suffered damages and Defendant American Family is liable to pay UIM benefits to Plaintiff Hellen to compensate him for his injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF
(Common Law Bad Faith Breach of Insurance Contract for UIM Benefits)

73.     Plaintiff Hellen incorporates the allegations set forth above as though fully set forth herein.

74.     Plaintiff Hellen was an insured under the Policy.

75.     Defendant American Family entered into a contract for insurance as identified herein, whereby Defendant American Family provided UIM coverage to Plaintiff Hellen and promised to pay UIM benefits to Plaintiff Hellen in exchange for payment of premiums.

76.     Defendant American Family at all times owed and continues to owe to Plaintiff Hellen the duty of good faith and fair dealing.

77.     Defendant American Family's failure to pay the benefits owed, and Defendant America Family's other conduct, as more fully described above, is a breach and continues to be a breach of this duty.

78.     Defendant American Family delayed and denied Plaintiff Hellen's claim for UIM benefits without a reasonable basis.

79.     Plaintiff Hellen has now been forced to sue Defendant American Family just to get Defendant American Family to pay the benefits owed under the policies, and to honor all of the obligations Defendant American Family owed to him.

80.     By its actions and inactions, Defendant American Family has engaged, and continues to engage in one or more of the following acts, some of which are considered Unfair Claim Settlement Practices, pursuant to C.R.S. §10-3-1104(1)(h):

   a.  unreasonably failing to pay the claims;
   b.  unreasonably failing to make payments in a reasonable and timely manner;
   c.  not attempting in good faith to effectuate prompt, fair and equitable settlementsof claims in which liability has become reasonably clear [C.R.S. §10-3- 1104(1)(h)(VI)];
   d.  compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds [C.R.S. §10-3-1104(1)(h)(VII)];
   e.  failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement [C.R.S. §10-3-1104(1)(h)(XIV)];
   f.  failing to act reasonably in the adjustment and resolution of the claims when Defendant American Family was aware or should have been aware of its negligence;
   g.  failing to comply with reasonable standards in connection with the investigation, resolution, and adjustment of the claims; and
   h.  unreasonably failing to provide reasonable explanations promptly, properly or adequately for Defendant American Family's assertions and failing to make payments in accordance with the terms of the policies.

81.     The above-described actions and inactions of Defendant American Family show that it has acted unreasonably toward Plaintiff Hellen.

82.  Defendant American Family knew that its conduct described above was unreasonable or alternatively, Defendant American Family recklessly disregarded the fact that its conduct described was unreasonable.

83.  As a direct and proximate result of Defendant American Family's acts and/or omissions, Plaintiff Hellen has sustained injuries, damages and losses, the amount of which will be proven at trial.

## THIRD CLAIM FOR RELIEF
(Statutory Claim - Unreasonable Delay and Denial of Benefits
Under C.R.S. §§ 10-3-1115 and 10-3-1116 against Defendant American Family)

84.  Plaintiff Hellen incorporates the allegations set forth above as though fully set forth herein.

85.  Plaintiff Hellen is a first party claimant as defined under C.R.S. § 10-3-1115.

86.  Defendant American Family entered into a contract for insurance as identified herein, whereby Defendant American Family provided UIM and Medical Payments coverage to Plaintiff Hellen and promised to pay UIM benefits and medical payments coverage to Plaintiff Hellen in exchange for payment of premiums.

87.  Pursuant to C.R.S. § 10-3-1115/1116, "a person engaged in the business of insurance shall not reasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Id. §10-3-1115(1)(a).

88.  Pursuant to C.R.S § 10-3-1115, Defendant American Family, as the insurance company, cannot unreasonably delay or deny payment of UIM benefits to Plaintiff Hellen.

89.  Defendant American Family delayed and denied Plaintiff Hellen's claim for UIM benefits without a reasonable basis.

90.  Defendant American Family violated C.R.S. § 10-3-1115 by delaying and denying payment of UIM benefits it owes to Plaintiff Hellen for the injuries, damages and losses suffered in the April 19, 2018 crash without conducting a reasonable investigation and evaluation of Plaintiff Hellen's UIM claim.

91.  Defendant American Family violated C.R.S. § 10-3-1115 by delaying and denying payment of medical benefits it owes to Plaintiff Hellen for the injuries, damages and losses suffered in the April 19, 2018 crash without providing a reasonable basis for its delay and denial.

92.  Pursuant to C.R.S. § 10-3-1116, Defendant American Family's violation of C.R.S. § 10-3-1115 entitles Plaintiff Hellen to recover the remedies provided in C.R.S. § 10-3-1116.

9

**FOURTH CLAIM FOR RELIEF**
(Medical Payments Claim / Breach of Contract)

93.     Plaintiff Hellen incorporates the allegations set forth above as though fully set forth herein.

94.     Plaintiff Hellen is entitled to recover the Medical Payments benefits provided by Defendant American Family's policy of insurance.

95.     Defendant American Family entered into a contract for insurance as identified herein, whereby Defendant American Family provided Medical Payments coverage to Plaintiff and promised to pay Medical Payments benefits to Plaintiff Hellen in exchange for payment of premiums.

96.     At the time of the crash on April 19, 2018, Defendant American Family insured Plaintiff Hellen for $5,000.00 in Medical Payments benefits.

97.     Defendant American Family has breached its contract of insurance by failing to pay Medical Payments benefits to Plaintiff Hellen as provided by the contract.

98.     As a direct and proximate result of the damages sustained by Plaintiff Hellen in the April 19, 2018 crash, and as required by C.R.S. § 10-4-635 and Defendant American Family's insurance contract, and as a direct result of Defendant's breach of contract, Plaintiff Hellen has suffered damages and Defendant American Family is liable to pay Medical Payments benefits to Plaintiff Hellen to compensate for medical expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hellen prays for judgment against Defendant American Family for relief as follows:

1.      Benefits owed to Plaintiff for a breach of contract under the policies of insurance issued by Defendant American Family for Plaintiff's economic damages, including but not limited to, past and future medical expenses, lost income, lost earning capacity, and out-of-pocket expenses; non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, mental and emotional distress and anguish, and inconvenience; physical impairment and disfigurement; all of which in an amount to be determined at trial;

2.      Damages for common law bad faith;

3.      Statutory damages as provided by C.R.S. § 10-3-1116, including costs, attorney's fees, and two times the covered benefits;

4.  All other compensatory damages caused by Defendants' actions and inactions, to be proven at trial;

5.  Pre-judgment and post-judgment interest as provided by law; and

6.  For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Constantine Hellen hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 24th day of August, 2022.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
*(Original signature on file at Burg Simpson Eldredge Hersh & Jardine, P.C.)*

*/s/ Jessica L. Breuer*
Jessica L. Breuer, Reg. No. 46288
Stephen J. Burg, Reg. No. 39789
*Attorneys for Plaintiff*

**Plaintiff's Address**
c/o Burg Simpson, P.C.
40 Inverness Drive East
Englewood, CO 80112

11